**(IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240,<br><br>NATIONAL PARK SERVICE,<br>1849 C Street NW<br>Washington, D 20240,<br><br>*Defendants*. | Case No. 26-cv-4068 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the Department of the Interior and the National Park Service under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records relating to the Department of the Interior's compliance with federal document retention policies, as well as documents relating to the White House Ballroom project, the Reflecting Pool repairs, and the Freedom 250 celebration.

2. According to reporting on August 7, 2026, "officials [at the Department of the Interior] have routinely shredded official documents and use disappearing Signal messages…to avoid communications being preserved, as is required by the Federal Records Act."[1]

3. Upon learning of this reporting, Plaintiff American Oversight promptly issued a letter to Secretary Burgum and the Acting Archivist of the National Archives and Records Administration requesting they take appropriate action regarding the risk of unlawful destruction of federal records and issued FOIA requests to the Department of the Interior requesting communications relevant to the Department's compliance with federal records retention requirements and FOIA (attached as Exhibit A).

4. American Oversight issued FOIA requests to the Department of the Interior and its component, the National Park Service, for communications about the White House Ballroom construction and the contracting processes, for communications with the contractors that attempted to repair the Reflecting Pool, and for communications with organizations associated with Freedom 250 and private corporations who reportedly donated to the events planned around the celebration for the United States's 250th Independence Day.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

---

[1] Daniel Lippman, Ian M. Stevenson & Ben LeFebvre, *Jeanine Pirro Berated Doug Burgum. But Interior Staffers Have Been Angry at Him for Months.*, Politico (Aug. 7, 20206, 4:45 AM), https://www.politico.com/news/2026/08/07/doug-burgum-interior-department-pirro-01028360.

7. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

8. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

9. Defendant U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of records that American Oversight seeks.

10. Defendant National Park Service (NPS) is a component of DOI within the executive branch of the U.S. government, headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). NPS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

### Records Retention Requests

11. On August 11, 2026, American Oversight submitted two FOIA requests to DOI seeking records with the potential to shed light on federal government activity related to DOI's compliance with federal records retention requirements.

*Emails and Text Messages Regarding Retention Requirements*

12. On August 11, 2026, American Oversight submitted a request to DOI bearing internal American Oversight tracking number DOI-26-1589, seeking:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the DOI officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing any of the key terms listed below.
>
> DOI Officials:
> a. Doug Burgum, Secretary
> b. JoDee Hanson, Chief of Staff
> c. Wynn Radford, Former Chief of Staff
> d. Anyone serving in the capacity of Chief of Staff
> e. Karen Budd-Falen, Associate Deputy Secretary
> f. Kate MacGregor, Deputy Secretary
>
> Key Terms:
> i. "Freedom of Information"
> ii. FOIA
> iii. "Federal Records"
> iv. Retention
> v. Signal

13. DOI acknowledged receipt of Plaintiff's request on August 11, 2026, and assigned it control number DOI-2026-008743.

14. On August 12, 2026, DOI wrote American Oversight to request narrowing of the request.

15. On August 18, 2026, American Oversight agreed to exclude emails sent from the custodians to OS FOIA staff and Teams chats between the custodians and OS FOIA staff. American Oversight further agreed to convert the search terms "FOIA" and "Freedom of Information Act" into Boolean searches, where responsive emails would include any email containing either term and any of shred*, destroy*, preserve*, burn*, retain* or RMP-2021-02.

16. On August 19, 2026, DOI sent another acknowledgment, which also granted American Oversight's fee waiver request, notified Plaintiff it was taking a ten-day extension, and informed American Oversight that this request would be aggregated with American Oversight's DOI-26-1591 request under DOI tracking number DOI-2026-008743.

17. As of the date of this Complaint, American Oversight has received no further communications from DOI concerning this request.

*Captured Text Messages*

18. On August 11, 2026, American Oversight submitted a request to DOI bearing internal American Oversight tracking number DOI-26-1591, seeking:

> Records reflecting all text messages and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by any of the DOI officials listed below, and subsequently captured, retained, or preserved on official DOI systems.
>
> DOI Officials:
> a. Doug Burgum, Secretary
> b. JoDee Hanson, Chief of Staff
> c. Karen Budd-Falen, Associate Deputy Secretary
> d. Kate MacGregor, Deputy Secretary

19. DOI acknowledged receipt of Plaintiff's request on August 11, 2026, and assigned it control number DOI-2026-008745.

20. On August 19, 2026, DOI notified American Oversight it would aggregate this request with American Oversight's DOI-26-1589 request under DOI tracking number DOI-2026-008743, granted American Oversight's fee waiver request, and notified Plaintiff it was taking a ten-day extension.

21. As of the date of this Complaint, American Oversight has received no further communications from DOI concerning this request.

**White House Ballroom Requests**

22. On December 17, 2025, American Oversight submitted two FOIA requests to DOI and two FOIA requests to NPS seeking records with the potential to shed light on federal government activity related to the White House Ballroom project.

23. On June 23, 2026, American Oversight submitted an additional FOIA request to NPS seeking records with the potential to shed light on federal government activity related to the White House Ballroom project.

*External DOI Communications*

24. On December 17, 2025, American Oversight submitted a request to DOI bearing internal American Oversight tracking number DOI-25-2903, seeking the following records from January 1, 2025, through June 30, 2025:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between the DOI officials listed below and any of the external entities or individuals listed below (including the listed email addresses and/or domains).
>
> Department of Interior Officials
> a. Doug Burgum, Secretary
> b. Kate MacGregor, Deputy Secretary
> c. JoDee Hanson, Chief of Staff
> d. Thomas Baptiste, Senior Advisor to the Secretary
> e. Andrew Mott, Special Assistant

External Entities and Individuals:

i. Meredith O'Rourke (meredith@theorourkegrp.com)
ii. Abby Mathias (abby@theorourkegrp.com)
iii. The O'Rourke Group (@theorourkegrp.com)
iv. Brian Ballard (ballard@ballardpartners.com)
v. Ballard Partners (@ballardpartners.com)
vi. Miller Strategies (@millerstrategies.com)
vii. Michael Best Strategies (@michaelbest.com)
viii. Cindy Willman
ix. Laura Sildon
x. Trust for the National Mall (@nationalmall.org)

25. On December 17, 2025, DOI sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-002643.

26. On December 17, 2025, American Oversight submitted a request to DOI bearing internal American Oversight tracking number DOI-25-2905, seeking the same communications but from July 1, 2025, through the date the search is conducted.

27. On December 17, 2025, DOI sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-002644.

28. On January 5, 2026, DOI sent American Oversight an automated email stating that request DOI-25-2905 had its status updated to "Closed."

29. On January 7, 2026, American Oversight reached out to DOI via the agency's online portal to inquire about the reason for the request closure.

30. On January 8, 2026, DOI again acknowledged receipt of Plaintiff's request DOI-25-2903, notified Plaintiff it was taking a ten-day extension, and aggregated it with Plaintiff's request DOI-25-2905.

31. On January 8, 2026, DOI again acknowledged receipt of Plaintiff's request DOI-25-2905, notified Plaintiff it was taking a ten-day extension, and aggregated it with Plaintiff's request DOI-25-2903.

32. In its January 8 communications, DOI stated control number DOI-2026-002643 would be cited in any future correspondence with their office regarding American Oversight's requests DOI-25-2903 and DOI-25-2905.

33. As of the date of this Complaint, American Oversight has received no further communications from DOI concerning these requests.

*External NPS Communications*

34. On December 17, 2026, American Oversight submitted a request to NPS bearing internal American Oversight tracking number DOI-NPS-26-2904, seeking the following records from January 1, 2025, through June 30, 2025:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between the NPS officials listed below and any of the external entities or individuals listed below (including the listed email addresses and/or domains).
>
> National Park Service Officials
> a. Jessica Bowron, Acting Director
> b. Susan Farinelli, Chief of Staff
> c. Frank Lands, Deputy Director for Operations
> d. Susan Farinelli, Chief of Staff
> e. Kathy Turner, Assistant Director, Communications
> f. Joy Beasley, Associate Director, Cultural Resources, Partnerships and Science
> g. Mike Caldwell, Associate Director, Park Planning, Facilities, and Lands
> h. Stephan Noefield, Acting Associate Director, Partnerships and Civic Engagement
>
> External Entities and Individuals:
> i. Meredith O'Rourke (meredith@theorourkegrp.com)
> ii. Abby Mathias (abby@theorourkegrp.com)
> iii. The O'Rourke Group (@theorourkegrp.com)
> iv. Brian Ballard (ballard@ballardpartners.com)
> v. Ballard Partners (@ballardpartners.com)
> vi. Miller Strategies (@millerstrategies.com)
> vii. Michael Best Strategies (@michaelbest.com)
> viii. Cindy Willman
> ix. Laura Sildon
> x. Trust for the National Mall (@nationalmall.org)

35. On December 17, 2025, DOI sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-002648.

36. On December 17, 2026, American Oversight submitted a request to NPS bearing internal American Oversight tracking number DOI-NPS-26-2906, seeking the same communications but from July 1, 2025, through the date the search is conducted.

37. On December 17, 2025, NPS sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-002649.

38. On January 9, 2026, NPS notified Plaintiff it was taking a ten-day extension for both requests and that they would be aggregated under control number DOI-2026-002648.

39. On January 9, 2026, NPS sent American Oversight an automated email stating that request DOI-NPS-25-2906 had its status updated to "Closed."

40. As of the date of this Complaint, American Oversight has received no further communications from NPS concerning these requests.

*Contracting Process*

41. On June 23, 2026, American Oversight submitted a request to NPS bearing internal American Oversight tracking number DOI-NPS-26-1414, seeking:

1. Complete copies of all contracts, agreements, deals, and bidding decisions, including all attachments and appendices, between the National Park Service (NPS) and Clark Construction Group LLC for the White House State Ballroom.

2. Complete copies of all contracts, agreements, deals, and bidding decisions, including all attachments and appendices, between the NPS and Shalom Baranes Associates, P.C for the White House State Ballroom.

3. All final justifications, memoranda, and/or opinions on all contract bids involved in the demolition of the White House East Wing.

4. All final justifications, memoranda, and/or opinions on all contract bids involved in the construction of the White House State Ballroom.

5. All final justifications, memoranda, and/or opinions on all sole source, single source, and any other non-competitive contracting involved in the demolition of the White House East Wing.

6. All final justifications, memoranda, and/or opinions on all sole source, single source, and any other non-competitive contracting involved in the construction of the White House State Ballroom.

42. On June 23, 2026, NPS sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-007251.

43. As of the date of this Complaint, American Oversight has received no further communications from NPS concerning this request.

**Reflecting Pool Request**

44. On July 28, 2026, American Oversight submitted a request to NPS bearing internal American Oversight tracking number DOI-NPS-26-1539, seeking:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the officials listed below, and (b) any of the external entities listed below (including, but not limited to, anyone communicating from an email address ending in the listed domains).
>
> National Park Service Officials:
> a. Jessica Bowron, Acting Director, and/or anyone communicating on her behalf, such as an assistant, secretary, or scheduler
> b. Susan Farinelli, Chief of Staff
> c. Justin Unger, Associate Director, Business Services
> d. Joy Beasley, Associate Director, Cultural Resources, Partnerships and Science
> e. Mike Caldwell, Associate Director, Park Planning, Facilities, and Lands
> f. Stephan Noefield, Acting Associate Director, Partnerships and Civic Engagement
> g. Anyone serving in the capacity of Director or equivalent, Contracting and Procurement Office
> h. Kyle Gonynor, Contracting Officer
>
> External Entities:
> i. Atlantic Industrial Coatings (vaspray.com)

ii. Green Water Solutions (also known as Greenwater Services, greenwaterservices.com)

45. On July 28, 2026, NPS sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-008223.

46. As of the date of this Complaint, American Oversight has received no further communications from NPS concerning this request.

## 250th Celebration Communications

*DOI Communications*

47. On June 10, 2026, American Oversight submitted a request to DOI bearing internal American Oversight tracking number DOI-26-1295, seeking:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the officials listed below, and (b) any of the external entities listed below (including, but not limited to, anyone communicating from an email address ending in the listed domains).
>
> Department of the Interior Officials:
> a. Doug Burgum, Secretary
> b. Kate MacGregor, Deputy Secretary
> c. JoDee Hanson, Chief of Staff
> d. Anyone serving in the capacity of Chief of Staff
> e. Kathryn Martin, Communications Director
> f. Anyone serving in the capacity of Communications Director
> g. Kailyn Mahoney, Principal Deputy Communications Director
> h. Anyone serving in the capacity of Principal Deputy Communications Director
> i. Robert Lockwood, Deputy Chief of Staff
> j. Gregory Wischer, Deputy Chief of Staff
> k. Deidre Kohlrus, Director, Office of Intergovernmental and External Affairs
> l. Anyone serving in the capacity of Director, Office of Intergovernmental and External Affairs
> m. Daniel Gustafo, Deputy Director, Office of Intergovernmental and External Affairs
> n. Loganathan Naidu, Deputy Director, Office of Intergovernmental and External Affairs
> o. Anyone serving in the capacity of Deputy Director, Office of Intergovernmental and External Affairs
> p. Charlotte Taylor, Press Secretary

q. Anyone serving in the capacity of Press Secretary
r. Aubrie Spady, Deputy Press Secretary
s. Anyone serving in the capacity of Deputy Press Secretary
t. Andrew King, Digital Director
u. Anyone serving in the capacity of Digital Director
v. William Doffermyre, Solicitor
w. Damon Hagan, Principal Deputy Solicitor
x. James Kelly, Deputy Solicitor
y. Heather Gottry, Departmental Ethics Office Director and DAEO
z. Anyone serving in the capacity of Departmental Ethics Office Director
aa. Timothy Murphy, Acting Associate Solicitor
bb. Anyone serving in the capacity of Associate Solicitor – General Law
cc. Andrea Brandon, Deputy Assistant Secretary for Budget, Finance, Grants and Acquisition
dd. Anyone serving in the capacity of Director, Office of Budget
ee. Anyone serving in the capacity of Director, Office of Financial Management
ff. Anyon serving in the capacity of Director, Office of Acquisition and Property Management

<u>External Entities</u>:

i. Anyone communicating on behalf of Freedom 250 (freedom250.org)
ii. Anyone communicating on behalf of ExxonMobil, also known as Exxon Mobil Corporation (exxonmobil.com)
iii. Anyone communicating on behalf of Deloitte, also known as Deloitte Touche Tohmatsu Limited (deloitte.com)
iv. Anyone communicating on behalf of UFC, also known as United Fighting Championship (ufc.com)
v. Anyone communicating on behalf of Palantir, also known as Palantir Technologies Inc. (palantir.com)
vi. Anyone communicating on behalf of Mastercard, also known as Mastercard Inc. (mastercard.com)
vii. Anyone communicating on behalf of Exiger (exiger.com)
viii. Anyone communicating on behalf of Scotts Miracle-Gro, also known as The Scotts Miracle-Gro Company (scotts.com)
ix. Anyone communicating on behalf of Phorm Energy, also known as Phorm Beverage, LLC (1stphorm.com, phormenergy.com)
x. Anyone communicating on behalf of IndyCar, also known as IndyCar, LLC (indycar.com)
xi. Anyone communicating on behalf of Penske, also known as Penske Corporation (penske.com or teampenske.com)
xii. Anyone communicating on behalf of John Deere, also known as Deere & Company (johndeere.com)
xiii. Anyone communicating on behalf of Oracle, also known as Oracle Corporation (oracle.com)
xiv. Anyone communicating on behalf of Hillsdale College (hillsdale.edu)

xv. Anyone communicating on behalf of Museum of the Bible (mbible.org or museumofthebible.org)

xvi. Anyone communicating on behalf of NRB, also known as the National Religious Broadcasters (nrb.org)

xvii. Anyone communicating on behalf of Krach Institute for Tech Diplomacy (techdiplomacy.org)

xviii. Anyone communicating on behalf of U.S. 250 Tour (us250tour.com)

xix. Anyone communicating on behalf of Moms for America (momsforamerica.us)

xx. Anyone communicating on behalf of America First Policy Institute (americafirstpolicy.com)

xxi. Anyone communicating on behalf of Purdue University (purdue.edu, engineering.purdue.edu)

xxii. Anyone communicating on behalf of American Heritage Girls (americanheritagegirls.org)

xxiii. Anyone communicating on behalf of Americans for Prosperity (americansforprosperity.org)

xxiv. Anyone communicating on behalf of PragerU, also known as Prager University Foundation (prageru.com)

xxv. Anyone communicating on behalf of America’s Roundtable (americasrt.com)

xxvi. Anyone communicating on behalf of Hall of Giants (hallofgiants.org)

xxvii. Anyone communicating on behalf of The Eden Festival, also known as The Eden Arts Festival and The Eden Arts & Immersive Media Festival (edenartsfestival.com)

xxviii. Anyone communicating on behalf of Ashbrook, also known as the Ashbrook Center (ashbrook.org)

xxix. Anyone communicating on behalf of Blockchain Association (theblockchainassociation.org)

xxx. Anyone communicating on behalf of The Union League of Philadelphia (unionleague.org)

xxxi. Anyone communicating on behalf of JCDecaux, also known as JCDecaux SE (jcdecaux.com)

xxxii. Anyone communicating on behalf of American Cornerstone Institute (americancornerstone.org)

xxxiii. Anyone communicating on behalf of S’mores and Stripes (smoresandstripes.com)

xxxiv. Anyone communicating on behalf of Moms for Liberty (momsforliberty.org)

xxxv. Anyone communicating on behalf of Freedom 250 Civics Education Coalition, also known as America 250 Civics Education (america250civics.com)

xxxvi. Anyone communicating on behalf of Turning Point USA, also known as Turning Point USA, Inc. (tpusa.com, turningpointusa.net)

xxxvii. Anyone communicating on behalf of Colonial Flag (colonialflag.com)

xxxviii. Anyone communicating on behalf of Concordia

xxxix. Anyone communicating on behalf of American Journey Experience (americanjourneyexperience.com)

xl. Anyone communicating on behalf of Mercury One (mercuryone.org)

xli. Anyone communicating on behalf of Pray, also known as Pray.com (pray.com)
xlii. Anyone communicating on behalf of WallBuilders (wallbuilders.com)
xliii. Anyone communicating on behalf of American Principles Project (americanprinciplesproject.org)

48. On June 10, 2026, DOI sent an automated acknowledgment of this request and assigned it tracking number DOI-2026-006920.

49. On June 30, 2026, DOI granted American Oversight's fee waiver request and claimed a ten-day extension to respond.

50. As of the date of this Complaint, American Oversight has received no further communications from DOI concerning this request.

*NPS Communications*

51. On June 10, 2026, American Oversight submitted a request to NPS bearing internal American Oversight tracking number DOI-NPS-26-1296, seeking:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the officials listed below, and (b) any of the external entities listed below (including, but not limited to, anyone communicating from an email address ending in the listed domains).
>
> National Park Service Officials:
>
> a. Jessica Bowron, Acting Director
> b. Susan Farinelli, Chief of Staff
> c. Anyone serving in the capacity of Chief of Staff
> d. Anyone serving in the capacity of Deputy Director, Congressional and External Relations
> e. Anyone serving in the capacity of Deputy Director, Management & Administration
> f. Anyone serving in the capacity of Deputy Director, Operations
> g. Justin Unger, Associate Director, Business Services
> h. Anyone serving in the capacity of Associate Director, Business Services
> i. Anyone serving in the capacity of Director, Communications
> j. Anyone serving in the capacity of Assistant Director, Communications
> k. Joy Beasley, Associate Director, Cultural Resources, Partnerships and Science
> l. Anyone serving in the capacity of Associate Director, Cultural Resources, Partnerships and Science

m. Mike Caldwell, Associate Director, Park Planning, Facilities, and Lands
n. Anyone serving in the capacity of Associate Director, Park Planning, Facilities, and Lands
o. Stephan Noefield, Acting Associate Director, Partnerships and Civic Engagement
p. Anyone serving in the capacity of Associate Director, Partnerships and Civic Engagement
q. Anyone serving in the capacity of Director or equivalent, Contracting and Procurement Office
r. Anyone serving in the capacity of the Comptroller

<u>External Entities</u>:

i. Anyone communicating on behalf of Freedom 250 (freedom250.org)
ii. Anyone communicating on behalf of ExxonMobil, also known as Exxon Mobil Corporation (exxonmobil.com)
iii. Anyone communicating on behalf of Deloitte, also known as Deloitte Touche Tohmatsu Limited (deloitte.com)
iv. Anyone communicating on behalf of UFC, also known as United Fighting Championship (ufc.com)
v. Anyone communicating on behalf of Palantir, also known as Palantir Technologies Inc. (palantir.com)
vi. Anyone communicating on behalf of Mastercard, also known as Mastercard Inc. (mastercard.com)
vii. Anyone communicating on behalf of Exiger (exiger.com)
viii. Anyone communicating on behalf of Scotts Miracle-Gro, also known as The Scotts Miracle-Gro Company (scotts.com)
ix. Anyone communicating on behalf of Phorm Energy, also known as Phorm Beverage, LLC (1stphorm.com, phormenergy.com)
x. Anyone communicating on behalf of IndyCar, also known as IndyCar, LLC (indycar.com)
xi. Anyone communicating on behalf of Penske, also known as Penske Corporation (penske.com or teampenske.com)
xii. Anyone communicating on behalf of John Deere, also known as Deere & Company (johndeere.com)
xiii. Anyone communicating on behalf of Oracle, also known as Oracle Corporation (oracle.com)
xiv. Anyone communicating on behalf of Hillsdale College (hillsdale.edu)
xv. Anyone communicating on behalf of Museum of the Bible (mbible.org or museumofthebible.org)
xvi. Anyone communicating on behalf of NRB, also known as the National Religious Broadcasters (nrb.org)
xvii. Anyone communicating on behalf of Krach Institute for Tech Diplomacy (techdiplomacy.org)
xviii. Anyone communicating on behalf of U.S. 250 Tour (us250tour.com)
xix. Anyone communicating on behalf of Moms for America (momsforamerica.us)

xx. Anyone communicating on behalf of America First Policy Institute (americafirstpolicy.com)

xxi. Anyone communicating on behalf of Purdue University (purdue.edu, engineering.purdue.edu)

xxii. Anyone communicating on behalf of American Heritage Girls (americanheritagegirls.org)

xxiii. Anyone communicating on behalf of Americans for Prosperity (americansforprosperity.org)

xxiv. Anyone communicating on behalf of PragerU, also known as Prager University Foundation (prageru.com)

xxv. Anyone communicating on behalf of America's Roundtable (americasrt.com)

xxvi. Anyone communicating on behalf of Hall of Giants (hallofgiants.org)

xxvii. Anyone communicating on behalf of The Eden Festival, also known as The Eden Arts Festival and The Eden Arts & Immersive Media Festival (edenartsfestival.com)

xxviii. Anyone communicating on behalf of Ashbrook, also known as the Ashbrook Center (ashbrook.org)

xxix. Anyone communicating on behalf of Blockchain Association (theblockchainassociation.org)

xxx. Anyone communicating on behalf of The Union League of Philadelphia (unionleague.org)

xxxi. Anyone communicating on behalf of JCDecaux, also known as JCDecaux SE (jcdecaux.com)

xxxii. Anyone communicating on behalf of American Cornerstone Institute (americancornerstone.org)

xxxiii. Anyone communicating on behalf of S'mores and Stripes (smoresandstripes.com)

xxxiv. Anyone communicating on behalf of Moms for Liberty (momsforliberty.org)

xxxv. Anyone communicating on behalf of Freedom 250 Civics Education Coalition, also known as America 250 Civics Education (america250civics.com)

xxxvi. Anyone communicating on behalf of Turning Point USA, also known as Turning Point USA, Inc. (tpusa.com, turningpointusa.net)

xxxvii. Anyone communicating on behalf of Colonial Flag (colonialflag.com)

xxxviii. Anyone communicating on behalf of Concordia

xxxix. Anyone communicating on behalf of American Journey Experience (americanjourneyexperience.com)

xl. Anyone communicating on behalf of Mercury One (mercuryone.org)

xli. Anyone communicating on behalf of Pray, also known as Pray.com (pray.com)

xlii. Anyone communicating on behalf of WallBuilders (wallbuilders.com)

xliii. Anyone communicating on behalf of American Principles Project (americanprinciplesproject.org)

52. On June 10, 2026, NPS acknowledged receipt of Plaintiff's request and assigned it control number DOI-2026-006922.

53. On June 18, NPS stated there would be no fees, that the request falls into the complex processing track, and that it anticipated providing a determination by December 2026.

54. As of the date of this Complaint, American Oversight has received no further communications from NPS concerning this request.

## Exhaustion of Administrative Remedies

55. As of the date of this Complaint, Defendants have failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

56. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

57. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

58. American Oversight properly requested records within the possession, custody, and control of Defendants.

59. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

60. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

61. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

62. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

63. American Oversight properly requested records within the possession, custody, and control of Defendants.

64. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

65. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

66. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

67. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

68. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA

requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to DOI and NPS on December 17, 2025, June 10, 2026, June 23, 2026, July 28, 2026, and August 11, 2026;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA request/s and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: November 17, 2026

Respectfully submitted,

*/s/ Emma Lewis*

Emma Lewis
D.C. Bar No. 144574
AMERICAN OVERSIGHT
1030 15th Street NW, B255

Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org
*Counsel for Plaintiff*